## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## DENVER DIVISION

| | |
|---|---|
| BRUMATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., <br><br> Defendant. | Civil Action No. 1:22-cv-354 <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Brumate, Inc. ("Plaintiff") files this Complaint against Defendant Walmart Inc. ("Defendant") for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

## THE PARTIES

1. Plaintiff is a Delaware corporation with its principal address at 3601 Walnut St., Fifth Floor, Denver, CO 80205.

2. Defendant is a Delaware corporation with its principal address at 702 SW 8th St., Bentonville, AR 72716.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant is subject to personal jurisdiction of this Court based upon its regularly conducted business in Colorado and in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b), because Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff is in the business of designing and distributing insulated beverage containers.

7. U.S. Patent No. 11,064,830 (the "Patent"), titled "Gaskets and Beverage Container Systems and Kits Comprising Gaskets," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 20, 2021. The Patent is and remains valid and enforceable.

8. Plaintiff is the owner by assignment of the entire right, title, and interest in and to the Patent, including the sole and undivided right to sue for infringement. A true and correct copy of the Patent is attached hereto as **Exhibit A**.

9. The relevant claims of the Patent, as asserted herein, are generally directed to a gasket that is designed to be configured with a beverage container, such that a can of a beverage can be inserted into the gasket and prevent the can from falling out of the beverage container.

10. Defendant has and continues to sell and/or offer to sell through its website and at is retail stores a product that it promotes as the Ozark Trail Insulated Stainless Steel 12-Ounce Slim Can Drink Sleeve (the "Drink Sleeve Product").

11. The Drink Sleeve Product reads on at least claims 1, 2, 3, 4, 5, 6, 9, and 11 of the Patent. With regard to Claim 1 in particular, the Drink Sleeve Product contains a gasket that is comprised of the following elements/features: (1) a gasket body comprising a generally cylindrical shape; (2) at least two arcuate flanges positioned within a relative inside of the gasket body; (3)

the arcuate flanges extending inward from the gasket body; (4) at least one gap existing between the arcuate flanges; (5) the gasket is configured so that when the gasket is coupled to or is formed as part of a beverage container, a can of beverage can be inserted into the gasket and at least partially into said beverage container so to prevent said can of beverage from falling out of said beverage container; and (6) at least one gap is defined within part of the gasket body so to form an indention within the gasket body.

12. On June 5, 2020, counsel for Plaintiff sent Defendant a letter alerting Defendant of the pending application that would later result in the Patent, as well as Plaintiff's concerns about the Drink Sleeve Product potentially infringing the Patent once it issued.

13. Plaintiff's letter was referred to the purported manufacturer of the Drink Sleeve Product, Olivet International, Inc. ("Olivet"). After some back and forth, Olivet refused to take any action with regard to its design for the Drink Sleeve Product.

14. After the Patent issued, Plaintiff's counsel sent Olivet's counsel a letter on August 30, 2021, in which Plaintiff's counsel alerted Olivet's counsel to the patent and requested that Olivet stop making, using, offering to sell, or selling the Drink Sleeve Product.

15. Plaintiff subsequently sent a letter on November 9, 2021, that further addressed Plaintiff's position, which letter copied Defendant. Despite some additional back and forth, Olivet refused to stop making, using, offering to sell, or selling the Drink Sleeve Product, and Defendant has continued to sell the Drink Sleeve Product.

**COUNT I: DIRECT INFRINGEMENT**

16. Plaintiff incorporates by reference paragraphs 1-15 and re-alleges them as if stated herein.

17. Defendant has directly infringed, and continues to directly infringe, at least Claims 1, 2, 3, 4, 5, 6, 9, and 11 of the Patent in violation of 35 U.S.C. § 271(a) by at least manufacturing, using, selling, offering to sell and/or importing (directly or through intermediaries) in the United States the Drink Sleeve Product that includes all the limitations of at least Claims 1, 2, 3, 4, 5, 6, 9, and 11 of the Patent.

18. Defendant's infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

19. Defendant's infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

20. Defendant's infringement of the Patent has been willful, deliberate, and with full knowledge that the manufacture, use, sale, offer for sale and/or importation into the United States of the Drink Sleeve Product and/or the components thereof infringes Claims 1, 2, 3, 4, 5, 6, 9, and 11 of the Patent, justifying the award to Plaintiff of damages three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

21. Defendant's willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

   a. A finding that Defendant has directly infringed one or more claims of the Patent;

   b. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's infringement of one or more claims of the Patent,

including both pre-judgment and post-judgment interest and costs as fixed by the Court;

c. A finding that Defendant's infringement of the Patent has been willful;

d. An increase in the damages to be awarded to Plaintiff of three times the amount found by the jury or assessed by the Court;

e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiff's reasonable attorney fees incurred in connection with the litigation;

f. An order permanently enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the Patent, including making, using, offering to sell, or selling in the United States, or importing into the United States the Drink Sleeve Product; and

g. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/*Bradley M. Stohry*
Bradley M. Stohry
REICHEL STOHRY DEAN LLP
525 S. Meridian St., Suite 1A2
Indianapolis, IN 46225
p: (317) 501-2891
f: (317) 454-1349
e: brad@rsindy.com

5