**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0354-WJM-SP

BRUMATE, INC.,

     Plaintiff and Counterclaim Defendant,

v.

WALMART INC.,

     Defendant and Counterclaim Plaintiff.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S
FIRST AND SECOND COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Brumate, Inc. sues Defendant Walmart Inc. alleging infringement of its patented gasket, which is designed to keep cans within its insulated beverage containers even when held upside down.  (ECF No. 25.)  Defendant asserts counterclaims seeking declaratory judgments of noninfringement, invalidity, and unenforceability due to inequitable conduct.  (ECF No. 52.)  Now before the Court is Plaintiff's Motion to Dismiss Defendant's First and Second Counterclaims for Failure to State a Claim ("Motion").  (ECF No. 55.)  The Motion is fully briefed.  (*See* ECF Nos. 56, 57.)

For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff filed this action on February 9, 2022.  (ECF No. 1.)  On April 13, 2022, Defendant filed a motion to transfer this action to the Western District of Arkansas.  (ECF No. 18.)  On April 15, 2022, this action was stayed pended a decision on the

motion to transfer.  (ECF No. 21.)  An amended version of that motion (ECF No. 35) was denied by the Court on May 23, 2023, and the stay was lifted.  (ECF No. 59.)

On June 27, 2022, while the motion to transfer was pending and discovery was stayed, Defendant filed its Answer, Affirmative Defenses, and Counterclaims.  (ECF No. 52.)  On July 18, 2022, Plaintiff filed the Motion.  (ECF No. 55.)  The parties conferred before the Motion was filed but could not agree on its merits or whether it was premature, so Defendant has not amended the counterclaims.  (ECF Nos. 55, 55-1, 55-2, 55-3.)

## II. LEGAL STANDARD

### A.    Defendant's Counterclaims Are Not Subject to a Special Pleading Standard

Unlike most motions to dismiss, the parties' core disagreement with respect to the Motion is what pleading standard applies to Defendant's counterclaims.  (*See* ECF No. 55 at 2–3; ECF No. 56 at 2–7; ECF No. 57 at 2–3.)  Plaintiff argues the Court should apply the standard announced in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  (ECF No. 55 at 2–3.)  Defendant argues that a more lenient notice standard applies at this stage of the litigation under the Court's local patent rules.  (ECF No. 56 at 2–7.)

Plaintiff's argument proceeds in a straightforward manner: *Twombly* and *Iqbal* established a "plausibility" standard under Federal Rule of Civil Procedure 8, and this standard applies to counterclaims, including those seeking declaratory judgment on patent invalidity and non-infringement.  (ECF No. 55 at 2–3.)

Defendant's brief at times does not appear to know the history of pleading standards in federal courts, and therefore does not appreciate the contradictory nature of some of its arguments.  A two-sentence paragraph in the legal standards section of

the brief illustrates this fact succinctly.  It reads:

> To survive a motion to dismiss, a counterclaim is not required to contain specific facts; rather, "the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *United States v. Ledford*, 2009 U.S. Dist. LEXIS 48441, at *8 (D. Colo. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal quotation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *See Bryson v. Gonzales*, 534 F.3d 1282, 286 (10th Cir. 2008).

(ECF No. 56 at 4.)

Rule 8 requires a "pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The "fair notice" language in the quoted paragraph above is derived from *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which along with the adoption of the rules ushered in a "liberal notice pleading" system.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citing *Conley*, 355 U.S. at 48).  In *Twombly* and *Iqbal*, the Supreme Court held that the "short and plain statement" mandated by Rule 8 requires something more than simply giving the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47; rather, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).  And while "the pleading standard Rule 8 announces does not require '*detailed* factual allegations,'" *Id.* (citing *Twombly*, 550 U.S. at 570) (emphasis added), it certainly requires a pleading stating a claim for relief to "contain specific facts," (ECF No. 56 at 4).

As Defendant correctly points out, after *Twombly* and *Iqbal* were decided, courts inside and outside the Tenth Circuit held that invalidity or non-infringement claims could

survive motions to dismiss—even when they did not meet the plausibility standards—provided the claims conformed to Form 18, a pleading guide formerly provided under Rule 84.  (ECF No. 56 at 4–5; *see also* Fed. R. Civ. P. 84 (abrogated 2015), advisory committee's notes to 1937 adoption.)  Effective December 1, 2015, Rule 84 was abrogated.  Fed. R. Civ. P. 84 (abrogated 2015).  "Since the abrogation of Rule 84 and the Appendix of Forms, courts have applied inconsistent pleading requirements to patent claims and counterclaims, with some applying the *Iqbal/Twombly* plausibility standard and others applying a more lenient notice pleading standard."  *Rennsli Corp. v. Winberg*, 2021 WL 842591, at *3 (D. Utah March 5, 2021).

While the "Tenth Circuit has not established the applicable pleading standard for patent claims and counterclaims since the abrogation of Rule 84 and Form 18," the Court agrees with the majority of courts that have "interpret[ed] the abrogation of Rule 84 as an elimination of the 'safe harbor [from *Iqbal* and *Twombly*]' and the 'alternative to Rule 8' that it provided, thereby triggering the application of 'the pleading requirements set forth in Rule 8, as described in *Iqbal* and *Twombly*.'"  *Id.* (quoting *Hi-Tech Pharm., Inc. v. Hodges Consulting, Inc.*, 230 F. Supp. 3d 1323, 1335 (N.D. Ga. 2016) (second alteration in *Rennsli*).  Nothing about Defendant's counterclaims subjects them to another rule or otherwise exempts them from Rule 8.  And despite Defendant's reference to the Court's local patent rules requiring invalidity contentions and a claim chart to be served under a scheduling order, these are discovery rules "intended to ensure that parties 'crystalize their theories of the case early in litigation so as to prevent the shifting sands approach' to the case."  *XY, LLC v. Trans Ova Genetics, LC*, 2021 WL 5564664, at *4 (D. Colo. Nov. 29, 2021).  D.C. COLO.LPtR 8–10 have nothing

to say about the parties' pleadings.

Therefore, the Court applies the customary plausibility standard announced in *Twombly* and *Iqbal*.

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Iqbal*, 556 U.S. at 678.

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual

matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Before addressing Defendant's counterclaims substantively, the Court briefly addresses Defendant's assertion that "this District has specifically held that because counterclaims for declaratory judgment of invalidity and non-infringement 'can also be treated as defenses,' dismissal on a 12(b)(6) motion is improper, and 'better left to be addressed on a Rule 56 motion.'"  (ECF No. 56 at 4–5 (quoting *Crocs, Inc. v. Australia Unlimited, Inc.*, 2008 WL 4426170, at *1 (D. Colo. Sept. 2008)).)

Not only does *Crocs* pre-date the abrogation of Rule 84 (and *Iqbal* for that matter), Defendant clearly misreads it.  In *Crocs*, the court's ruling that the plaintiff–counterclaim defendant's arguments are more appropriately considered at summary judgment was not premised on the nature of the counterclaims.  That ruling was premised on the fact that the plaintiff–counterclaim defendant's argument was that *res judicata* barred the counterclaims.  *Crocs*, 2008 WL 4426170, at *1 (citing *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 781 (Because "the applicability of res judicata . . . necessarily rest[s] on materials outside the complaint . . . [w]hether res judicata . . . [bars an] action in whole or part is more appropriately decided in the context of a motion for summary judgment than it is in the context of a defendant's motion to dismiss.")).

1.    <u>Non-Infringement</u>

Other than those related to the parties, jurisdiction, and venue, the counterclaim

for non-infringement contains only two allegations.  (*See* ECF No. 52 at 14.)

Specifically, it alleges that: (1) "Walmart has not and does not directly infringe any valid

and enforceable claim of the Patent, either literally or under the doctrine of equivalents";

and (2) "Walmart has not willfully infringed any valid and enforceable claim of the

Patent."  Such allegations are permissible as an overture to factual allegations.  But

they are not the kind of "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged"; they are legal

conclusions that cannot form the basis of a valid pleading stating a claim for relief.[1]

*Iqbal*, 556 U.S. at 678.

Therefore, with respect to Defendant's counterclaim seeking a declaratory

judgment of non-infringement, the Motion is granted.

2.    Invalidity

Defendant's counterclaim for invalidity fairs no better.  Other than those related to

the parties, jurisdiction, and venue, this counterclaim contains *one* allegation.

Specifically, Defendant alleges that the "claims of the Patent are invalid for failure to

comply with the statutory prerequisites of Title 35 of the United States Code, including,

without limitation, one or more of §§ 102, 103, and/or 112."  (ECF No. 52 at 15.)  This

too is merely a legal conclusion devoid of any factual content.  Nowhere in the

allegations related to this counterclaim does Defendant explain the *factual* basis for this

conclusion.  (*See id.* at 14–15.)

---

[1] Defendant also argues its pleading is adequate because it is "proportional" to the facts in Plaintiff's own pleading.  (ECF No. 56 at 7–9.)  The Court is unaware of—and Defendant does not cite—any authority providing for the proportional-pleading standard Defendant advocates. (*See id.*)

Defendant attempts to resuscitate its woefully inadequate pleading by arguing the factual matter related to this claim is contained in the portion of its pleading related to its third counterclaim, which seeks a declaration of unenforceability due to inequitable conduct.[2]  (*Id.* at 10.)  In a remarkable act of shooting itself in the foot, Defendant relies on *Protégé Biomedical, LLC v. Z-Media, LLC*, 394 F. Supp. 3d 924, 943 (D. Minn. 2019), and includes the following parenthetical: "distinguishing [a case relied upon by Plaintiff] by noting that the counterclaimant incorporated supporting facts by reference under a specific count and did not need to reallege relevant allegations."  (ECF No. 56 at 10.)  Of course, as Plaintiff points out, Defendant does not incorporate *any* of the allegations relating to its third counterclaim into its allegations supporting its invalidity counterclaim.  (ECF No. 57 at 6; *see* ECF No. 52 at 14–15.)

Therefore, with respect to Defendant's counterclaim seeking a declaratory judgment of invalidity, the Motion is granted.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Motion to Dismiss Defendant's First and Second Counterclaims for Failure to State a Claim (ECF No. 55) is GRANTED;

2.     Defendant's first and second counterclaims, seeking declaratory judgments of non-infringement and invalidity respectively, are DISMISSED WITHOUT PREJUDICE.

---

[2] Plaintiff does not seek dismissal of Defendant's third counterclaim.  (ECF No. 55 at 2 n.2.)

Dated this 30th day of June, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge